UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWIGHT CARROLL,

           Plaintiff,

     v.

KIRBY CHRISTOFF, et al.,

           Defendants.

Case No.  21-cv-09933-JD

**ORDER RE SERVICE**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff has filed an amended complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1   cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

2   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4   face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"

5   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

7   should assume their veracity and then determine whether they plausibly give rise to an entitlement

8   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

12        **LEGAL CLAIMS**

13        Plaintiff alleges that he was assaulted by correctional officers.  The treatment a convicted

14   prisoner receives in prison and the conditions under which he is confined are subject to scrutiny

15   under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After

16   incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual

17   punishment forbidden by the Eighth Amendment."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986)

18   (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth

19   Amendment when two requirements are met: (1) the deprivation alleged must be, objectively,

20   sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501

21   U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind,

22   i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297).

23        The objective component of an Eighth Amendment excessive force claim does not have a

24   "categorical standard," but rather is "contextual and responsive to contemporary standards of

25   decency."  *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v.

26   McMillian*, 503 U.S. 1, 8 (1992).  A prisoner "must objectively show that he was deprived of

27   something sufficiently serious . . . but what constitutes a sufficiently serious deprivation may

28   evolve as the basic mores of society change."  *Bearchild*, 947 F.3d at 1141 (internal quotations

United States District Court
Northern District of California

and citations omitted).  The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson*, 503 U.S. at 6-7.

Plaintiff alleges that in 2006 defendant Correctional Officer Christoff assaulted him while he was laying on the ground.  He states that he was kicked in the head, face and ribs and suffered injuries.  Defendant Sergeant Hassan arrived and dragged plaintiff along the floor to the medical office to receive treatment.  Plaintiff was accused of assaulting a peace officer and the case was referred to the district attorney's office for prosecution where plaintiff was acquitted at trial. Plaintiff was also found guilty of a Rules Violation Report for this incident which he states was reversed in 2019.  These allegations are sufficient to proceed against Christoff and Hassan and plaintiff has presented arguments that this claim may still be timely.

## CONCLUSION

1.      The Court orders that following defendants be served **ELECTRONICALLY**: Correctional Officer Kirby Christoff  and Sergeant Hassan.  These defendants worked at San Quentin State Prison in 2006 and were assigned to work in west block on May 26, 2006.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare

2

for each defendant who has not waived service according to the CDCR Report of E-Service

3

Waiver a USM-205 Form.  The Clerk will provide to the USMS the completed USM-205 forms

4

and copies of this order, the summons and the operative complaint for service upon each defendant

5

who has not waived service.  The Clerk will also provide to the USMS a copy of the CDCR

6

Report of E-Service Waiver.

7

2.      To expedite the resolution of this case, the Court orders:

8

a.      No later than sixty days from the date of service, defendant shall file a

9

motion for summary judgment or other dispositive motion.  The motion shall be supported by

10

adequate factual documentation and shall conform in all respects to Federal Rule of Civil

11

Procedure 56, and shall include as exhibits all records and incident reports stemming from the

12

events at issue.  If defendant is of the opinion that this case cannot be resolved by summary

13

judgment, he shall so inform the Court prior to the date his summary judgment motion is due.  All

14

papers filed with the Court shall be promptly served on the plaintiff.

15

b.      At the time the dispositive motion is served, defendant shall also serve, on a

16

separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-

17

954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

18

*See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

19

given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,

20

not earlier); *Rand* at 960 (separate paper requirement).

21

c.      Plaintiff's opposition to the dispositive motion, if any, shall be filed with

22

the Court and served upon defendant no later than thirty days from the date the motion was served

23

upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

24

provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

25

and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

26

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust

27

his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

28

4

1    note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided

2    to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

3              d.      If defendant wishes to file a reply brief, they shall do so no later than fifteen

4    days after the opposition is served upon him.

5              e.      The motion shall be deemed submitted as of the date the reply brief is due.

6    No hearing will be held on the motion unless the Court so orders at a later date.

7         3.      All communications by plaintiff with the Court must be served on defendant, or

8    defendant's counsel once counsel has been designated, by mailing a true copy of the document to

9    defendant or defendant's counsel.

10        4.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

12   parties may conduct discovery.

13        5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14   informed of any change of address by filing a separate paper with the clerk headed "Notice of

15   Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

16   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

17   Civil Procedure 41(b).

18        **IT IS SO ORDERED.**

19   Dated: June 2, 2022

20

21

22   _____

     JAMES DONATO
     United States District Judge

23

24

25

26

27

28

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

United States District Court
Northern District of California